Decided May 18, 1989

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE NORTHERN )    CRIMINAL CASE NO. 89-139
MARIANA ISLANDS,            )    TRAFFIC CASE NO. 89-1675TDD
                             )
          Plaintiff,     )
                             )        __ORDER DENYING__
      vs.               )     __MOTION TO SUPPRESS__
                             )
VINCE NGIRATEBL,           )
                             )
          Defendant.    )
                             )

        Defendant Vince Ngiratebl has moved to suppress both the statement made by him to police officers and his pretrial identification. Although the form of this motion is somewhat unusual, the court conducted a hearing on the motion without objection from the government.

## BACKGROUND

        On the morning of March 17, 1989, at approximately 3:48 a.m., Officer Paul Ogumoro observed a vehicle traveling south on Beach Road in Susupe. The vehicle was proceeding in an erratic manner. After following the vehicle for a short time, Ogumoro pulled the vehicle over to the side of the road. Ogumoro approached the driver's side window of the vehicle and asked the driver of the vehicle for his license and registration. The driver complied. Ogumoro then asked the driver to exit the vehicle at which time the driver started the

**821**

vehicle and sped away leaving Ogumoro with his driver's license and registration.

On March 21, 1989 Officer Santiago F. Tudela went to defendant's place of employment. Officer Tudela asked defendant to accompany him to the Garapan Substation and defendant complied. Upon entering the station, Tudela and defendant proceeded to an unoccupied room. Defendant was informed of his constitutional rights and elected not to speak to Officer Tudela without an attorney being present. At this point, Officer Ramon B. Camacho entered the room. Officer Camacho asked Tudela what steps he was going to take. In response, Tudela told Camacho and defendant that defendant would have to wait until Officer Ogumoro arrived to make an identification. Approximately five minutes later, defendant made a statement indicating that he was the driver of the vehicle which was stopped by Ogumoro on March 17, 1989.

When Officer Ogumoro arrived at the Garapan Substation he was directed to a room occupied by Tudela and defendant. Upon entering the room, Tudela asked Ogumoro if defendant was the driver of the vehicle which he stopped on March 17, 1989. Ogumoro responded that defendant was the driver of the vehicle.

Subsequently, defendant was charged by way of information, with driving under the influence of alcohol, obstructing justice and attempted bribery.

### MOTION TO SUPPRESS

Defendant now moves to suppress his statement and the identification by Officer Ogumoro.

A.    The Statement of Defendant.

Defendant first contends that the statement he gave to the police must be suppressed pursuant to the mandate of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880 (1981). Edwards held that once an accused has expressed his desire for counsel, he is not to be further interrogated until counsel has been made available unless the accused himself initiates further communications with the police. "Interrogation" also includes comments which would tend to induce an answer.

The issue here is whether the statement made by Officer Tudela that defendant would have to wait until Officer Ogumoro arrived to identify him can be construed as interrogation. It is the opinion of this court that such a statement does not amount to interrogation under the principles enunciated in Edwards. Tudela's statement was not a question but, rather, a statement of fact that defendant would have to wait until Ogumoro arrived at the station. The purpose of the statement was to apprise defendant of why he was going to have to wait and and cannot be viewed as an inducement to get defendant to make a statement. Therefore, any statement made by defendant was of his own initiative and cannot be suppressed pursuant to Edwards.

B.    Identification of Defendant.

Defendant next asserts that his identification by Officer Ogumoro must be suppressed as violative of his constitutional rights. The gist of defendant's contention here is that since defendant was the only person other than Officer

**823**

Tudela in the room when Ogumoro identified him, this "showup" identification was unduly suggestive. Defendant submits that a line up is necessary for such an identification.[1]/

The admission of evidence of a showup without more does not violate due process. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972 (1967). Rather, it is the likelihood of misidentification which violates a defendant's right to due process. Neil v. Biggers, 390 U.S. 188, 198, 93 S.Ct. 375, 381-382 (1972). The Biggers court, in concentrating on the "reliability" of the identification, enumerated five factors to be considered in determining the likelihood of misidentification. These include:

1. The opportunity of the witness to view the criminal, at the time of the crime,

2. the witness's degree of attention,

3. the accuracy of the witness's prior description of the criminal,

4. the level of certainty demonstrated by the witness at the confrontation, and

5. the length of time between the crime and the confrontation. Id. at 199-200, 93 S.Ct. at 382.

---

[1]/ At oral argument, defendant also suggested that this court depart from the precedent of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877 (1972) holding that a preindictment lineup was not a critical stage of prosecution necessitating presence of counsel. The court declines this invitation.

These factors, when applied in this case, indicate a very substantial likelihood that Officer Ogumoro's identification of defendant was reliable.

Officer Ogumoro testified that upon stopping defendant's vehicle he parked his patrol car approximately five feet behind the vehicle and activated his spot light and directed the beam on to the vehicle's rear view mirror so as to illuminate the interior of the vehicle. He also had his headlights on high beam and directed into the rear of the vehicle. There was also a streetlight about 20 feet away. As Ogumoro approached the driver's side window he noticed that defendant's eyes were bloodshot and he detected the odor of alcohol. Ogumoro then informed defendant as to the reason why he was stopped and asked defendant for his license and registration. Defendant complied with this request. Upon being asked to exit the vehicle, defendant drove away.

The factors announced in **Biggers**, when applied in this case, tend to show Ogumoro's identification to be reliable.

1) Ogumoro had sufficient opportunity to view defendant when he stopped the vehicle. Ogumoro observed defendant for several minutes and was close enough to defendant to see that his eyes were bloodshot and to detect the odor of alcohol. There was sufficient light in the area to enable Ogumoro to view defendant.

2) Ogumoro's degree of attention was heighted by the fact that he was acting in his capacity as a police officer stopping a vehicle for a traffic offense.

**825**

3) Ogumoro had previously accurately described defendant and had his driver's license at the time defendant fled the scene.

4) Ogumoro's identification of defendant at the police station was immediate and positive.

5) Only four days elapsed between the time defendant's vehicle was stopped and Ogumoro's identification of defendant.

Thus, in viewing this identification in the totality of the circumstances, all of the pertinent facts point to a reliable identification. Therefore, defendant's motion to suppress Officer Ogumoro's identification must be denied.

Based on the foregoing, defendant's motion to suppress is hereby DENIED.

Dated at Saipan, MP, this 18th day of May, 1989.

Robert A. Hefner, Presiding Judge